[Crim. No. 6489. In Bank. Mar. 11, 1960.]

THE PEOPLE, Respondent, v. AUGUSTINE BALDONADO, Appellant.

John R. Danch, under appointment by the Supreme Court, and Burt M. Henson for Appellant.

A. L. Wirin, Gerald L. Rosen and Richard L. Lissner as Amici Curiae on behalf of Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Roy A. Gustafson, District Attorney (Ventura), for Respondent.

GIBSON, C. J.—Defendant and Luis Moya were indicted jointly with Elizabeth Duncan for the murder of her daughter-in-law, Olga Duncan. Defendant pleaded guilty to murder in the first degree, and upon a trial by jury on the sole issue of penalty, his punishment was fixed at death. His motion for a new trial was denied, and the appeal comes to us automatically under subdivision (b) of section 1239 of the Penal Code.[1]

A motion for change of venue made by defendant on the ground that he could not receive a fair and impartial trial in Ventura County was denied. The evidence produced by defendant was much the same as that before the court on a like motion in *People* v. *Duncan, ante,* p. 803 [3 Cal.Rptr. 351, 350 P.2d 103]. The court did not abuse its discretion in refusing to remove the action to another county.

A transcript of the testimony of defendant before the grand jury, in which he related how he and Moya planned and committed the murder of Olga Duncan, was introduced in evidence without objection. The facts with respect to the crime are set forth in some detail in *People* v. *Duncan, ante,* p. 803 [3 Cal.Rptr. 351, 350 P.2d 103], and will not be repeated here.

Defendant, who was 25 years of age at the time of the trial, had a long history of antisocial behavior. He had used narcotics since early adolescence. He committed numerous burglaries and was incarcerated in Los Prietos Boys Camp, where he was a disciplinary problem and attempted to escape. After he was released he entered the army, and was frequently absent without leave. He was court-martialed, sentenced to the stockade, escaped, and, when caught, was taken under armed guard to Korea. While overseas he was court-martialed for giving heroin injections to soldiers and was dishonorably discharged. A psychiatrist, Dr. David R. M. Harvey, testified that defendant is incapable of learning, is dangerous to society, and, although legally sane, is a "sociopathic personality," which was defined as an individual who is always in trouble, profiting neither from experience nor punishment and maintaining no real loyalties to any person, group, or code.

The principal question presented on this appeal is whether the court committed reversible error in admitting evidence concerning the parole record of Moya. An officer of the California Adult Authority, called as a witness for the

[1]Separate trials were given to Mrs. Duncan and Moya, and their punishment was also fixed at death. (See *People* v. *Duncan, ante,* p. 803 [3 Cal.Rptr. 351, 350 P.2d 103]; *People* v. *Moya, ante,* p. 819 [3 Cal. Rptr. 360, 350 P.2d 112].)

defense, testified that first degree murderers are better parole risks than other prisoners. On cross-examination the witness was permitted over objection to testify that for a prior offense (possession of narcotics) Moya had been sentenced to prison for a maximum of 10 years and was paroled in one year. Moya's prior offense was not first degree murder, and it was improper to admit this testimony (*People* v. *Purvis*, 52 Cal.2d 871, 885-887 [346 P.2d 22].) However, we have concluded, after an examination of the entire record, that the judgment must be affirmed since it does not seem reasonably probable that in the absence of the error a result more favorable to defendant would have been reached by the jury. (Cal. Const., art. VI, § 4½.)

The judgment and the order denying the motion for a new trial are affirmed.

Traynor, J., Schauer, J., Spence, J., McComb, J., Peters, J., and White, J., concurred.